Thiago M. Coelho, SBN 324715
thiago@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989
*Attorneys for Plaintiff Juan Alcazar and Proposed Class*

Yaakov Saks, Esq. *pro hac vice*
ysaks@steinsakslegal.com
**STEIN SAKS, PLLC**
One University Plaza, Suite 620
Hackensack, NJ 07601
Telephone: (201) 282-6500
Facsimile: (201) 282-6501
*Attorneys for Plaintiff Pamela Williams*

Jim D. Newman, SBN 133232
jnewman@hanover.com
**THE HANOVER LAW OFFICE**
500 N. Brand Blvd., Suite 1280
Glendale, CA 91203
Telephone: (818) 863-8304
*Attorney for Defendant Miele, Incorporated*

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ALCAZAR and PAMELA WILLIAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIELE, INCORPORATED, a Delaware corporation; and DOES 1 to 10, inclusive,<br><br>Defendant(s). | CASE NO.:  3:20-cv-02890-VC<br><br>*Hon. Judge Vince Chhabria*<br><br>**NOTICE AND JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE: June 30, 2022<br>TIME: 10:00 A.M.<br>COURTROOM: 5 - 17th Floor |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on June 30, 2022, at 10:00 a.m., in Courtroom 5 of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Plaintiffs Juan Alcazar and Pamela Williams (herein "Plaintiffs" or "Named Plaintiffs"), on their own behalf and on behalf of the class they represent, and Defendant Miele, Incorporated ("Defendant") (hereafter jointly "the Parties") will and hereby jointly do move for entry of an order:

1.  Granting final approval of the Amended Class Action Settlement Agreement and Release (the "Settlement Agreement");

2.  Certifying the Nationwide settlement class, as defined below;

3.  Finally approving Wilshire Law Firm, PLC as Lead Class Counsel;

4.  Finally Approving Stein Saks, PLLC as Class Counsel;

5.  Finally approving the Named Plaintiffs as Class Representatives;

6.  Finally approving the payment of $39,000 to Wilshire Law Firm for attorneys' fees;

7.  Finally approving the payment of $14,000 to Stein Saks PLLC as attorneys' fees; and

8.  Finally approving the payment of $1,000 as an enhancement award to each of the Named Plaintiffs.

This motion is based on this Notice, the accompanying memorandum of points and authorities and the exhibits thereto, the papers and pleadings on file with the Court in this matter, and such other and further matters as may be brought to the Court's attention at or before the hearing of the motion.

Respectfully submitted,

///

///

///

(Signatures continued on next page)

NOTICE AND JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

1

Dated: June 16, 2022                                **WILSHIRE LAW FIRM**

2

3                                                     By: /s/ *Thiago Coelho*_____
                                                          Thiago M. Coelho
4                                                         Attorneys for Plaintiff Juan Alcazar and
                                                          Proposed Class
5

6

7

Dated:  June 16, 2022                               **STEIN SAKS, PLLC**

8

9                                                     By: /s/ *Yaakov Saks*_____
                                                          Yaakov Saks (*Admitted Pro Hac Vice*)
10                                                        Attorneys for Plaintiff Pamela Williams

11

12

Dated:  June 16, 2022                               **THE HANOVER LAW OFFICE**

13

14                                                    By:  /s/  *Jim Newman*_____
                                                          Jim D. Newman
15                                                        Attorney for Defendant
                                                          MIELE, INCORPORATED
16

17

18

19

20

21

22

23

24

25

26

27

28

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CASE NO. 3:20-CV-02890-VC
**NOTICE AND JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................ 1

II.     PROCEDURAL HISTORY ................................................................................ 3

III.    FACTS ................................................................................................................ 3

    a.   Key Terms of the Settlement Agreement ...................................................... 3

        i.   Injunctive Relief ..................................................................................... 3

        ii.  Enhancement Awards and Attorneys' Fees ............................................. 3

IV.    ARGUMENT ..................................................................................................... 4

    a.   The Court Should Finally Approve the Settlement as to the Class ............. 4

        i.   Reasonable Notice Was Provided to the Class ..................................... 5

        ii.  The Strength of Plaintiff's Case............................................................. 7

        iii. Risk, Expense, Complexity, and Likely Duration of Further Litigation ................. 8

        iv.  The Risk of Maintaining Class Action Status Throughout Trial ............................ 9

        v.   Relief Offered in Settlement ................................................................ 10

        vi.  Extent of Discovery Completed and Stage of Proceedings ................................. 11

        vii. Arms-Length, Non-Collusive, Negotiated Resolution and Experience and
             Views of Counsel .............................................................................. 12

        viii. Presence of a Governmental Participant ................................................ 13

        ix.  Reaction of the Class Members to the proposed Settlement ................................ 13

    b.   Plaintiff's Service Award Request is Reasonable and Should be Granted............... 14

    c.   Plaintiff's Request for Attorneys' Fees and Costs is Reasonable and
         Should be Granted ................................................................................ 15

    d.   Final Certification of the Class Is Appropriate .......................................... 15

        i.   The Individuals in the Settlement Class Are So Numerous that Joinder
             Would be Impractical........................................................................... 16

        ii.  The Commonality Requirement Is Satisfied.......................................... 17

        iii. The Typicality Requirement Is Satisfied .............................................. 18

        iv.  The Adequacy Requirement Is Satisfied .............................................. 18

i

**TABLE OF CONTENTS**

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

v. Rule 23(b)(2) Requirements ....................................................... 19

V.      CONCLUSION ............................................................................... 19

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

**TABLE OF CONTENTS**

## TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                                  <u>**Pages**</u>

*Adoma v. Univ. of Phoenix, Inc.*,

    913 F. Supp. 2d 964 (E.D. Cal. 2012) ...............................................7, 8, 11, 12

*Alyeska Pipeline Serv. Co. v. Wilderness Soc.*,

    421 U.S. 240 (1975) ...........................................................................15

*Barbosa v. Cargill Meat Sols. Corp.*,

    297 F.R.D. 431 (E.D. Cal. 2013) ...........................................9, 10, 11, 12, 13

*Benitez v. Western Milling, LLC*,

    2020 WL 3412725, at *4 (E.D. Cal. June 22, 2020) .......................................5

*Boyd v. Bechtel Corp.*,

    485 F.Supp. 610 (N.D. Cal. 1979) ..........................................................11

*Cotton v. Hinton*,

    559 F.2d 1326 (5th Cir. 1977) ..............................................................12

*Davy v. Paragon Coin, Inc.*,

    2020 WL 4460446, at *5 (N.D. Cal. June 24, 2020) ...................................... 16

*Der-Hacopian v. DarkTrace, Inc.*,

    2020 WL 7260054, at *4 (N.D. Cal. Dec. 10, 2020) .......................................5

*Dunk v. Ford Motor Co.*,

    48 Cal. App. 4th 1794 (1996) ..............................................................15

*Franklin v. Kaypro Corp.*,

    884 F.2d 1222 (9th Cir. 1989)...............................................................4

*Gen. Tel. Co. of the Nw. Inc. v. Equal Employment Opportunity Comm'n*,

    446 U.S. 318 (1980)..........................................................................16

*Hanlon v. Chrysler Corp.*,

    150 F.3d 1011 (9th Cir. 1988) .................................................4, 10, 12, 14, 17, 18

*Hernandez v. Cnty. of Monterey*,

    305 F.R.D. 132 (N.D. Cal. 2015)............................................................16

iii

**TABLE OF AUTHORITIES**

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

*In re Am. Bank Note Holographics, Inc.*,

    127 F. Supp. 2d 418 (S.D.N.Y. 2001) ................................................................... 13

*In re Immune Response Secs. Litig.*,

    497 F. Supp. 2d 1166 (S.D. Cal. 2007)................................................................... 11

*In re Syncor Erisa Litig.*,

    516 F.3d 1095 (9th Cir. 2008) ................................................................................. 5

*Knisley v. Network Assocs.*,

    312 F.3d 1123 (9th Cir. 2002) ............................................................................... 15

*La Fleur v. Medical Management Intern., Inc.*,

    2014 WL 2967475 at *7 (C.D. Cal., June 25, 2014) ............................................. 14

*Lerwill v. Inflight Motion Pictures, Inc.*,

    582 F.2d 507 (9th Cir. 1978) ................................................................................. 18

*Lewis v. Starbucks Corp.*,

    2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008)............................................. 11

*Linney v. Cellular Alaska P'ship*,

    151 F.3d 1234 (9th Cir. 1998) ............................................................................... 10

*Mandujano v. Basic Vegetable Products, Inc.*,

    541 F.2d 832 (9th Cir. 1976) ................................................................................... 5

*Monterrubio v. Best Buy Stores, L.P.*,

    291 F.R.D. 443 (E.D. Cal. 2013) ........................................................................... 11

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,

    221 F.R.D. 523 (C.D. Cal. 2004) ........................................................... 10, 11, 12, 13

*Navellier v. Sletten*,

    262 F.3d 923 (9th Cir. 2001) ................................................................................. 15

*Officers for Justice v. Civil Serv. Comm'n*,

    688 F.2d 615 (9th Cir. 1982) ....................................................................... 4, 10, 12

*Ontiveros v. Zamora*,

    303 F.R.D. 356 (E.D. Cal. 2014) .................................................................... 7, 10

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

iv

**TABLE OF AUTHORITIES**

*Parsons v. Ryan*,

    754 F.3d 657 (9th Cir. 2014) .................................................................... 19

*Robles v. Domino's Pizza, LLC*,

    913 F.3d 898 (9th Cir. 2019), *cert. denied*, 140 S.Ct. 122 L. Ed. 2d 41 (2019) ............... 8

*Rodrigues v. Hayes*,

    591 F.3d 1105 (9th Cir. 2011) ................................................................. 19

*Rodriguez v. W. Publ'g Corp.*,

    563 F.3d 948 (9th Cir. 2009) .................................................................. 12

*Schaffer v. Litton Loan Servicing, LP*,

    2012 WL 10274679, *19 (C.D. Cal. Nov. 13, 2012) ........................................ 14

*Silber v. Mabon*,

    18 F.3d 1449 (9th Cir. 1994) .................................................................... 5

*Staton v. Boeing Co.*,

    327 F.3d 938 (9th Cir. 2003) ................................................................ 4, 13

*The Civil Rights Educ. & Enforcement Ctr. v. RLJ Lodging Trust*,

    2016 WL 314400, at *6 (N.D. Cal. 2016) .................................................. 16

*Valenzuela v. Best-Line Shades, Inc.*,

    2021 WL 3514101, at *3 (N.D. Cal. Aug. 10, 2021) ...................................... 16

*Van Lith v. iHeartMedia + Entm't, Inc.*,

    2017 WL 1064662, at *11 (E.D. Cal. Mar. 20, 2017) ...................................... 7

*Van Vranken v. Atl. Richfield Co.*,

    901 F. Supp. 294 (N.D. Cal. 1995) .......................................................... 14

*Vasquez v. Coast Valley Roofing, Inc.*,

    266 F.R.D. 482 (E.D. Cal. 2010) .................................................. 8, 9, 11, 13

*Wal-Mart Stores, Inc. v. Dukes*

    564 U.S. 338 (2011) ............................................................................ 17

*Wang v. Chinese Daily News, Inc.*,

    737 F.3d 538 (9th Cir. 2013) .................................................................. 17

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

v

**TABLE OF AUTHORITIES**

*Wren v. RGIS Inventory Specialist*,

    2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011) ....................................................... 5, 12

*Zinser v. Accuflix Research Inst., Inc.*,

    253 F.3d 1180 (9th Cir. 2001) ........................................................................................ 15

**Federal Rules**                                             **Pages**

Fed. R. Civ. P. 23 ........................................................................................................... 5, 9, 17

Fed. R. Civ. P. 23(a) ....................................................................................................... 15, 16

Fed. R. Civ. P. 23(a)(1) ......................................................................................................... 16

Fed. R. Civ. P. 23(a)(2) ......................................................................................................... 17

Fed. R. Civ. P. 23(b)(2) ......................................................................................... 15, 18, 19

Fed. R. Civ. P. 23(c)(2)(B) ..................................................................................................... 5

Fed. R. Civ. P. 23(e) ................................................................................................................ 4

Fed. R. Civ. P. 23(e)(2) ............................................................................................................ 4

Fed. R. Civ. P. 23(h) ............................................................................................................. 15

**Codes**                                                      **Pages**

42 U.S.C. § 12102 ................................................................................................................. 3

42 U.S.C. § 12182(a) ............................................................................................................. 8

N.Y.C. Administrative Code § 8-107(4)(a) ........................................................................... 3

**Reference Materials**                                **Pages**

*Judicial Role in Reviewing a Proposed Class Action Settlement*,

    § 21.61 (4th ed. 2004) .................................................................................................... 4

*National Institute of Health*,

    "Visual Impairment, Blindness Cases in U.S. Expected to Double by 2050,"

    https://www.nih.gov/news-events/news-releases/visual-impairment-blindness-

    cases-us-expected-double-2050 (last visited June 15, 2022) ......................................... 17

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**TABLE OF AUTHORITIES**

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Juan Alcazar ("Alcazar") and Pamela Williams ("Williams") (collectively "Plaintiffs" or "Named Plaintiffs") and Defendant Miele, Incorporated ("Defendant") (collectively the "Parties") jointly seek final approval of the Class Action Settlement Agreement ("Settlement Agreement") and certification of settlement class. The Settlement Agreement provides for robust injunctive relief for the Class Members, and as discussed *infra*, satisfies the criteria for settlement approval under Rule 23.

On January 20, 2022, the Court preliminarily approved the Settlement agreement and conditionally certified the settlement class, finding that Settlement Agreement is fundamentally fair, adequate, and reasonable. Dkt. 62. The Court also approved of the proposed notice and the method of notice. *Id.* Lastly, the Court Ordered Class Counsel to email or mail notice to each individual known to Class Counsel to have a disability and to have expressed similar concerns as Named Plaintiffs, and the Court Ordered Defendant to publish notice in the next edition of the regularly circulating publications of the American Council of the Blind, the American Foundation of for the Blind, and the Los Angeles Radio Reader Service. *Id.* Thereafter, on March 24, 2022, the Court, having found good cause shown, extended the period for the Parties to provide notice to May 2, 2022, and allowed for Defendant to publish notice solely with the American Council of the Blind and the American Foundation of the Blind.

Prior to May 1, 2022, pursuant to the Court's Order, the Parties, acting through their settlement administrator Simpluris, Inc. ("Simpluris"), caused the Notice of Proposed Settlement of Class Action and Fairness Hearing (the "Notice") to be published in the May edition for the journal of the American Council of the Blind. *See* Declaration of Amy Lechner ("Lechner Decl."), ¶ 4.

Further, on May 1, 2022, Simpluris caused Banner Ads to be run on the American Foundation of the Blind Online Journal for a period of one month. *Id.*, ¶ 5. The Banner Ads directed people who visited the Miele website and/or mobile applications to find complete information at www.adawebsitecompliancesettlement.com (the "Settlement Website"). *Id.* The

WILSHIRE LAW FIRM, PLC<br>3055 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90010-1137

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

63276515;1

Settlement Website enables visitors to download copies of the Notice, Consolidated Complaint, Joint Motion for Preliminary Approval, Declaration of Class Representatives, Declaration of Class Counsel, Settlement Agreement & Release, Order Granting Preliminary Approval of Settlement and Class Certification, Order Continuing Fairness Hearing, Request for Exclusion Form, and WCAG 2.0. *Id.*, ¶ 7. The Settlement Website also includes information regarding who is a potential class member, what Plaintiffs' allegations are, and the remediation to be undertaken by Miele. *Id.* Moreover, the Settlement Website provides instructions on how to submit the Request for Exclusion Form, the cut-off date to submit the Request for Exclusion Form, the date upon which the Final Approval Hearing will take place, and the toll-free telephone number maintained by Simpluris. *Id.* The website was operational on or before April 7, 2022, and is accessible twenty-four hours a day, seven days a week. *Id.* Lastly, Simpluris established and is currently maintaining a toll-free telephone number, (866) 602,5907, which is available twenty-four hours a day, seven days a week for Class Member to make inquiries regarding the Settlement Agreement. *Id.*, ¶ 6. The toll-free number was set forth in the Notice and on the Settlement Website.

Additionally, on May 2, 2022, pursuant to the Court's Order, the Notice of Pendency was emailed to those individuals known by Class Counsel to have a disability and to have expressed similar concerns as Named Plaintiffs. *See* Declaration of Thiago Coelho ("Coelho Decl."), ¶ 15. Said email also included an active link to the Settlement Website. *Id.*

Lastly, Simpluris only received one request to be excluded from the Settlement Agreement.

When the benefits of the Settlement are balanced against the inherent risks of continued, protracted litigations, including potential defeat at certification, on the merits and/or on appeal, the fairness, adequacy, and reasonableness of the proposed settlement is clear. Accordingly, the Parties respectfully request that this Court grant final certification of the Class and final approval of the Settlement and enter the proposed order of Final Approval and Final Judgment submitted herewith.

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

2
**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
63276515;1

## II.    PROCEDURAL HISTORY

On April 27, 2020, Alcazar filed his Class Action Complaint alleging Defendant violated the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"), and on October 26, 2020, Williams filed her Class Action Complaint alleging Defendant violated the ADA, the N.Y.C. Administrative Code § 8-107(4)(a) and sought declaratory relief.  On February 22, 2021, the Court approved the Parties' joint stipulation to consolidate the cases and Ordered the Parties to file a Consolidated Complaint.  Dkt. 33.  Plaintiffs' Consolidated Complaint, Dkt. 34, alleges that Defendant violated the Americans with Disabilities Act ("ADA"), the Unruh Civil Rights Act ("Unruh Act"), and the N.Y.C. Administrative Code § 8-107(4)(a).  On January 30, 2022, the Court granted preliminary approval of a Nationwide Class defined as: "All individuals who (a) have a visual disability, as that term is defined under the Americans with Disabilities Act, 42 U.S.C. § 12102 ("ADA") and similar state and local disability laws, (b) have accessed the Website and/or Mobile Applications, and (c) have been denied equal access as a result of their disability."  Dkt. 62.  The Court also appointed Wilshire Law Firm as lead class counsel ("Lead Class Counsel") and appoints Stein Saks, PLLC as class counsel ("Class Counsel").  *Id.*

### III.    FACTS

#### a.    Key Terms of the Settlement Agreement

##### i.    Injunctive Relief.

The Settlement Agreement provides that Defendant, subject to limited exceptions, shall modify the Website and Mobile Applications to improve accessibility and provide individuals with disabilities full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered through the Website and Mobile Applications by modifying the Website and Mobile Applications using the Web Content Accessibility Guidelines ("WCAG") 2.0.  Dkt 50.

##### ii.    Enhancement Awards and Attorneys' Fees.

The Settlement Agreement provides for an enhancement award of $1,000 for each of the Named Plaintiffs.  Further, Class Counsel seek approval of attorneys' fees and costs in the amount of $53,000, payable as follows: $39,000 to Wilshire Law Firm and $14,000 to Stein Saks PLLC.

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
63276515;1

1  Concurrently herewith, Plaintiffs have filed their Motion for Attorneys' Fees and Costs.

2  **IV.    ARGUMENT**

3      **a.  The Court Should Finally Approve the Settlement as to the Class**

4          A class action may not be settled without Court Approval.  *See* Fed. R. Civ. P. 23(e).

5  Approval of a class action settlement requires three steps: (1) preliminary approval; (2) notice to

6  all class members; and (3) a final settlement approval hearing at which objecting class members

7  may be heard.  Manual for Complex Litigation, *Judicial Role in Reviewing a Proposed Class*

8  *Action Settlement*, § 21.61 (4th ed. 2004).  The decision to approve or reject a proposed settlement

9  is committed to the sound discretion of the court.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011,

10  1027 (9th Cir. 1988).

11          Federal law strongly favors and encourages class action settlements.  *See Franklin v.*

12  *Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("[T]here is an overriding public interest in

13  settling and quieting litigation. This is particularly true in class action suits.").  Moreover, when

14  reviewing a motion for approval of a class settlement, the Court should give due regard to "what

15  is otherwise a private consensual agreement negotiated between the parties," and must therefore

16  limit the inquiry "to the extent necessary to reach a reasoned judgment that the agreement is not

17  the product of fraud or overreaching by, or collusion between, the negotiating parties, and that

18  the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."  *Officers for*

19  *Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  The Court of Appeals will

20  rarely overturn approval of a class action settlement unless "the terms of the agreement contain

21  convincing indications that the incentives favoring pursuit of self-interest rather than the class's

22  interests in fact influenced the outcome of the negotiations and that the district court was wrong

23  in concluding otherwise."  *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003).

24          In deciding whether to approve a proposed class action settlement, the Court must find

25  that the proposed settlement is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2); *Officers*

26  *for Justice*, 688 F.2d at 625.  "In determining whether a settlement is fundamentally fair, adequate,

27  and reasonable, the district court must balance[e] ... several factors which may include, among

28  others, some or all of the following: (1) the strength of plaintiffs' case, (2) the risk, expense,

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

4

complexity, and likely duration of further litigation, (3) the risk of maintaining class action status throughout the trial, (4) the amount offered in settlement, (5) the extent of discovery completed, (6) the stage of the proceedings, (7) the experience and views of counsel, (8) the presence of a governmental participant, and (9) the reaction of the class members to the proposed settlement." *Benitez v. Western Milling, LLC*, No. 1:18-CV-01484-SKO, 2020 WL 3412725, at *4 (E.D. Cal. June 22, 2020) (citation and quotes omitted). "Ultimately, the district court's determination is nothing more than an amalgam of delicate balancing, gross approximations and rough justice." *Id*. (citation omitted). Moreover, "[D]istrict courts have wide discretion in assessing the weight and applicability of each factor." *Id*. (citation omitted).

Importantly, courts apply a presumption of fairness "if the settlement is recommended by class counsel after arm's-length bargaining." *Wren v. RGIS Inventory Specialist*, No. C-06-05778 JCS, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011). There is also a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor Erisa Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). In light of these factors, the Court should find that the Settlement is fair, reasonable, and adequate, and finally approve it with respect to the Class.

### i.    Reasonable Notice Was Provided to the Class.

Fed. R. Civ. P. 23 requires that the Class receive "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Notice of a class action settlement is adequate under Rule 23 where the notice is given in a "form and manner that does not systematically leave an identifiable group without notice." *Mandujano v. Basic Vegetable Products, Inc.*, 541 F.2d 832, 835 (9th Cir. 1976). Notably, Rule 23 "does not require that each class member actually receive notice." *Der-Hacopian v. DarkTrace, Inc.*, No. 18-CV-06726-HSG, 2020 WL 7260054, at *4 (N.D. Cal. Dec. 10, 2020) (citing *Silber v. Mabon,* 18 F.3d 1449, 1454 (9th Cir. 1994)) (Noting that the standard for class notice is "best practicable" notice, not "actually received" notice). As this Court has already granted preliminary approval of the Settlement and approved the Notice and notice plan, *see* Dkts. 62, 67, the sole remaining issue is whether notice was

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1  adequately provided to the Class.

2          The notice plan, as approved by the Court, has been fully implemented by the Parties and

3  Simpluris.  Pursuant to the Court's March 24, 2022 Order, prior to May 1, 2022, the Parties caused

4  the Court-approved notice to be published in the May edition of the journal of the American

5  Council of the Blind.  Lechner Decl., ¶ 4.  Further, on May 1, 2022, Simpluris cause Banner Ads

6  to be run on the American Foundation for the Blind Online Journal for one month.  *Id.*, ¶ 5.

7  Moreover, on May 2, 2022, the Notice of Pendency, along with an active link to the Settlement

8  Website, was emailed to each individual known to Class Counsel to have a disability and to have

9  expressed concerns similar to those expressed by the Named Plaintiffs in the operative Complaint.

10  Coelho Decl., ¶ 15.

11          On April 7, 2022, Simpluris also set up the Settlement Website,

12  www.adawebsitecompliancesettlement.com, which Simpluris is maintaining to date.  *Id.*, ¶ 7.

13  The Settlement Website allows visitors to download copies of the Notice, Consolidated

14  Complaint, Joint Motion for Preliminary Approval, Declaration of Class Representatives,

15  Declaration of Class Counsel, Settlement Agreement & Release, Order Granting Preliminary

16  Approval of Settlement and Class Certification, Order Continuing Fairness Hearing, Request for

17  Exclusion Form, and WCAG 2.0.  *Id.*  The Settlement Website also includes information

18  regarding who is a potential class member, what Plaintiffs' allegations are, and the remediation

19  to be undertaken by Miele.  *Id.*  Moreover, the Settlement Website provides instructions on how

20  to submit the Request for Exclusion Form, the cut-off date to submit the Request for Exclusion

21  Form, the date upon which the Final Approval Hearing will take place, and the toll-free telephone

22  number maintained by Simpluris.  *Id.*  Simpluris also established and is maintaining a toll-free

23  telephone number, (866) 602, 5907, for Class Members to contact Simpluris with settlement

24  inquiries.  *Id.*, ¶ 6.

25          The Parties have carried out the Notice Program as approved by this Court, and

26  accordingly, the best practicable notice has been adequately provided to the Class.  As of June 6,

27

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

63276515;1

2022, the deadline for timely objections and opt outs, the Parties have only received one opt out. *Id.*, ¶¶ 8-9.

### ii.     The Strength of Plaintiff's Case.

"An important consideration is the strength of the plaintiff's case on the merits balanced against the amount offered in the settlement." *Ontiveros v. Zamora*, 303 F.R.D. 356, 369 (E.D. Cal. 2014) (citation omitted). "When assessing the strength of plaintiff's case, the court does not reach any ultimate conclusions regarding the contested issues of fact and law that underlie the merits of this litigation." *Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 975 (E.D. Cal. 2012) (citation and quotation omitted). "The court cannot reach such a conclusion, because evidence has not been fully presented." *Id.* "Instead, the court is to evaluate objectively the strengths and weaknesses inherent in the litigation and the impact of those considerations on the parties' decisions to reach these agreements." *Id.* (citation omitted). Accordingly, where a court determines that a claim may have "some measure of merit," but that it also faces inherent weaknesses, the court should find that the "strength of Plaintiff's case" factor "weighs in favor" of final approval of the Settlement. *Van Lith v. iHeartMedia + Entm't, Inc.*, No. 1:16-CV-00066-SKO, 2017 WL 1064662, at *11 (E.D. Cal. Mar. 20, 2017).

While Plaintiffs' and their counsel naturally believe that there is evidence from which the Court could rule in favor of Plaintiff's claims, there are mitigating factors. These include, but are not limited to, the fact that success on the merits at trial would require establishment of Plaintiffs' claims, namely, that the Website violated the ADA and the Defendant violated the Unruh Act and NYCHRL by discriminating against individuals with visual impairments. A trier of fact may very-well determine, after reviewing an analysis of the Website and the Parties competing Experts' testimony, that the Website works adequately enough with screen-reading software to be ADA compliant. This concern is compounded by the fact that the Department of Justice has not promulgated regulations concerning whether, when, or how a website is ADA compliant. Thus, this action at trial will inevitably become a battle of the experts, and a jury could plausibly and reasonably find in favor of Defendant, leaving Plaintiff and the Classes with no injunctive relief.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
63276515;1

Importantly, in *Robles v. Domino's Pizza, LLC*, the Ninth Circuit held that district courts can order compliance with WCAG 2.0 as an equitable remedy, if, after discovery, a website and app fail to satisfy the ADA. 913 F.3d 898, 907 (9th Cir. 2019), *cert. denied*, 140 S.Ct. 122, 206 L. Ed. 2d 41 (2019). However, the Ninth Circuit relegated WCAG 2.0's private industry standards role *only* to serve as an equitable remedy and did not rule that a violation of WCAG 2.0's standards constitutes a *per se* violation of the ADA. Thus, in the context of websites, what constitutes a violation of the Title III ADA requirement that: "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation," 42 U.S.C. § 12182(a), is an open question, which one trier of fact may determine differently than another trier of fact—even looking at the same proffered evidence. Accordingly, the Defendant's agreement to conform its Website and Mobile Applications to Title III of the ADA by making them substantially usable by screen-reading software using WCAG 2.0 Level AA as a guideline avoids the possibilities of no further remedial measures to be undertaken by Defendant, inconsistent judgments, and the expense and uncertainty of ascertaining Defendant's liability. Further, this outcome provides the best possible remedial outcome whilst obviating the need and the attenuated risk in determining Defendant's liability, and simultaneously saves the judiciaries and the Parties already strained resources. Balancing these merits against the strength of Plaintiffs' case, this factor favors final approval.

### iii.    Risk, Expense, Complexity, and Likely Duration of Further Litigation.

"Another relevant factor is the risk of continued litigation against the certainty and immediacy of recovery from the [s]ettlement." *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 489 (E.D. Cal. 2010) (citation omitted). "In assessing the risk, expense, complexity, and likely duration of further litigation, the court evaluates the time and cost required." *Adoma*, 913 F. Supp. 2d at 976. "A court may 'consider the vagaries of litigation and compare the significance

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation.'"  *Vasquez*, 266 F.R.D. at 489 (citation omitted).

Here, the risk and expense inherent in continued litigation of this action is obvious. Absent final approval, the Parties would be required to continue litigation, which necessarily would involve significant discovery, including expensive expert discovery (which has yet to commence), a motion for class certification which Defendant would surely contest, and other dispositive motions such as a motion for summary judgment and possible appeals.  Once all is said and done, the ultimate recovery might be of no greater value – and indeed, may even be of lesser value – to Class Members than that offered in the Settlement Agreement.  Accordingly, this factor heavily weighs in favor of approval.  *See, e.g.*, *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 447 (E.D. Cal. 2013) (finding that this factor favored approval where "there remained significant procedural hurdles for the putative class to confront, including certification" and "there were significant risks in continued litigation and no guarantee of recovery").

### iv.    The Risk of Maintaining Class Action Status Throughout Trial.

The risk of decertification of the class before trial favors final approval because, while the Parties maintain that the requirements of Rule 23 are satisfied and that certification is appropriate for settlement purposes, there nonetheless exist significant hurdles which may maintaining class action status through trial should final approval not be granted.

For instance, Defendant might hypothetically be able to point to evidence evidencing a range of individual competence in using screen-readers among the Class Members, and that only Class Members who fell below a certain threshold of competence encountered barriers to access to Defendant's Website and Mobile Applications, which could create individualized issues which militate against certification.

Defendant might also argue that the diversity of screen-readers available to consumers, including but not limited to Jobs Access with Speech ("JAWS"), NVDA, VoiceOver, and Talkback, as well as the fact that Class Members most likely used different internet browsers, create additional individualized issues which tend to weigh against certification.  Defendant might

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

present evidence that differences among the screen-readers and internet browsers led some Class Members to experience barriers to use, while others did not.

Other individualized issues may arise where Defendant alleges that the Class Members did not all use the Website and Mobile Applications in the same manner or share the same purposes.  It is possible that only certain Class Members visiting the Website and Mobile Applications for certain purposes would have encountered meaningful barriers to use under the ADA, while other Class Members visiting the Website and Mobile Applications for different purposes did not.  Additionally, the fact that the Website and Mobile Applications were updated periodically during the class period may also create additional individualized issues should those updates have remedied or added barriers to use.

Accordingly, this factor favors final approval.

### v.     Relief Offered in Settlement.

The next factor is the relief offered by the Settlement.  "In assessing the consideration obtained by the class members in a class action settlement, it is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Ontiveros*, 303 F.R.D. at 370.  "[A] proposed settlement is not to be judged against a speculative measure of what might have been awarded in a judgment in favor of the class."  *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (citation omitted).  Indeed, "[i]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial."  *Id.* at 527; *see also*, *e.g.*, *Officers for Justice*, 688 F.2d at 628.

Here, the relief includes injunctive relief and payment of an enhancement award for Named Plaintiffs as the Class Representatives.  While a larger award is "theoretically possible, 'the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes.'"  *Barbosa*, 297 F.R.D. at 447 (*quoting Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998)); *see also Hanlon*, 150 F.3d at 1027 (the fact that "the settlement could have been better…does not mean the settlement presented was not fair, reasonable, or adequate.").  Although the settlement does not provide monetary relief for the Class Members,

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1   the Class Members would not be precluded from bringing their State law claims individually.

2   Thus, Plaintiffs and Class Members benefit from the injunctive relief immediately, without the

3   attendant risks, expense, complexity, and expense of further litigation, and are not foreclosed

4   from bringing their State law claims—which provide for monetary damages—thereafter.

5   Accordingly, this factor weighs in favor of approval of the Settlement Agreement.

6                 **vi.   Extent of Discovery Completed and Stage of Proceedings.**

7        As to the factors pertaining to the extent of discovery completed and the stage of

8   proceedings, "[a] settlement following sufficient discovery and genuine arms-length negotiation

9   is presumed fair." *Adoma*, 913 F. Supp. 2d at 977 (quoting *Nat'l Rural Telecomms. Coop.*,

10  221 F.R.D. at 528).   The amount of discovery completed prior to reaching a settlement is

11  important because it bears on whether the Parties and the Court have sufficient information before

12  them to assess the merits of the claims. *See, e.g., Lewis v. Starbucks Corp.*, No. 2:07-cv-00490-

13  MCE-DAD, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008); *Boyd v. Bechtel Corp.*, 485

14  F.Supp. 610, 617 (N.D. Cal. 1979).   However, formal discovery having occurred is not a

15  requirement to settlement, and in fact, Courts have found that informal discovery is sufficient so

16  long as the Parties had an opportunity to "form a clear view of the strengths and weaknesses of

17  their cases." *See, e.g.,  Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 454 (E.D. Cal.

18  2013) ("While the parties did not fully complete discovery prior to settlement negotiations, but

19  rather engaged in a process of informal discovery, approval of a class action settlement is proper

20  as long as discovery allowed the parties to form a clear view of the strengths and weaknesses of

21  their cases.") (citing *In re Immune Response Secs. Litig.*, 497 F. Supp. 2d 1166, 1174 (S.D. Cal.

22  2007)); *cf. Vasquez,* 266 F.R.D. at 489 (finding that the parties engaged in sufficient discovery

23  where the plaintiffs "conducted significant discovery of the underlying . . . documents in [the]

24  case" and conducted interviews of "numerous" members of the potential class).   Stated another

25  way, "[w]hat is required is that sufficient discovery has been taken or investigation completed to

26  enable counsel and the court to act intelligently." *Barbosa*, 297 F.R.D. at 447 (citation omitted).

27       The Parties engaged in an informal information exchange and discovery to enable both

28  sides to assess the claims and potential defenses in this action.  Coelho Decl., ¶¶ 8-9.  Lead Class

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

Counsel hired an expert to create a report detailing the Website's barriers and obtained additional information from Plaintiff as to her experience with the Website—in addition to vigorously conducting their own investigation. *Id.* Lead Class Counsel then met and conferred with counsel for Defendant and allowed Defendant to investigate Plaintiff's evidence. *Id.* Accordingly, the Parties were each able to accurately assess the legal and factual issues that would arise if the case proceeded to trial. *Id.*, ¶¶ 9-10. Resultingly, the Parties decided it would be in their best interests to settle this action and negotiate the Settlement Agreement. *Id.* In reaching this settlement, Lead Class Counsel relied on their substantial litigation experience in litigating and negotiating similar ADA actions. *Id.*, ¶ 5.

Here, the Parties conducted sufficient informal discovery in this action prior to reaching the Settlement, and accordingly, this factor favors final approval.

### vii. Arms-Length, Non-Collusive, Negotiated Resolution and Experience and Views of Counsel.

The Ninth Circuit places "a good deal of stock in the product of arms-length, negotiated resolution." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (*citing Hanlon*, 150 F.3d at 1027; *Officers for Justice*, 688 F.2d at 625). Courts routinely presume a settlement is fair where it is reached through arm's-length bargaining. *See Hanlon*, 150 F.3d at 1027; *Wren*, 2011 WL 1230826, at *14. "In considering the adequacy of the terms of a settlement, the trial court is entitled to, and should, rely upon the judgment of experienced counsel for the parties." *Barbosa*, 297 F.R.D. at 447 (citation omitted). "Great weight is accorded to the recommendation of counsel, who are the most closely acquainted with the facts of the underlying litigation." *Adoma*, 913 F. Supp. 2d. at 977 (citation omitted). "This is because parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." *Id.* (citation omitted). "Thus, 'the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.'" *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 528 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**
63276515;1

Lead Class Counsel has extensive experience in litigating ADA class actions. *Id.*, ¶ 5. Lead Class Counsel evaluated the case, considered the defenses that would be raised and, although Lead Class Counsel thought Plaintiff's case was and is meritorious at all times, ultimately concluded that settlement was the best option. *Id.*, ¶ 8. Taking all issues counsel had identified in consideration, as well as the inherent risks and costs of this litigation, including the challenges of obtaining class certification and defeating a potential summary judgment motion, as well as the ultimate burdens of proof, Plaintiff's counsel determined that the offered settlement was indeed fair, reasonable, and adequate to the Class Members. *Id.* Communications between counsel always were adversarial, non-collusive and at-arm's-length. *Id.*, ¶ 9. The resulting proposed Settlement Agreement is the product of hours of such arm's length negotiations. *Id.* Accordingly, this factor weighs in favor of final approval.

### viii.    Presence of a Governmental Participant.

As this case does not involve a governmental participant, this factor does not apply.

### ix.    Reaction of the Class Members to the proposed Settlement.

"The reactions of the members of a class to a proposed settlement is a proper consideration for the trial court." *Vasquez*, 266 F.R.D. at 490 (quoting *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 528). "Where a settlement agreement enjoys overwhelming support from the class, this lends weight to a finding that the settlement agreement is fair, adequate, and reasonable." *Barbosa*, 297 F.R.D. at 448 (citation omitted). Indeed, "[i]t is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 529 (collecting cases); *see also In re Am. Bank Note Holographics, Inc.*, 127 F. Supp. 2d 418, 425 (S.D.N.Y. 2001) ("It is well settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy." (internal quotation marks and citation omitted)).

To date, the Parties are not aware of a single Class Member who objected to the Settlement Agreement. Lechner Decl., ¶ 9. Moreover, only one Class Member requested to be excluded from the settlement agreement. *Id.*, ¶ 8. Accordingly, the reaction of the Settlement Classes

should be considered favorable. *Hanlon*, 150 F.3d at 1027 (Finding that a class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness). Thus, this factor also weighs in favor of the Court granting final approval.

### b. Plaintiffs' Service Award Request is Reasonable and Should be Granted

Service awards for named Plaintiffs are common in class action litigation. *See Staton*, 327 F.3d at 977. "Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995) (approving a service award of $50,000.00). "An incentive award is appropriate where…the class representatives remained fully involved and expended considerable time and energy during the course of the litigation." *Schaffer v. Litton Loan Servicing, LP*, 2012 WL 10274679, at *19 (C.D. Cal. Nov. 13, 2012) (internal citation omitted).

Named Plaintiffs requests for a service award of $1,000 is reasonable, as it is well-below the amount Courts in this Circuit generally approve for class representatives. *See, e.g., La Fleur v. Medical Management Intern., Inc.*, No. EDCV 13-00398-VAP, 2014 WL 2967475 at *7 (C.D. Cal., June 25, 2014) ("Courts have generally found that $5,000 incentive payments are reasonable."). The requested service award is intended to compensate Named Plaintiffs for the critical roles they have played in this case, and the time, effort, and risks undertaken in helping secure the result obtained on behalf of the Class Members. *See* Declaration of Juan Alcazar ("Alcazar Decl."), ¶¶ 3-7; Coelho Decl., ¶ 14. In agreeing to serve as Class Representatives, Named Plaintiffs formally agreed to accept the responsibilities of representing the interests of all Class Members. *Id*. At the outset, Named Plaintiffs communicated with their counsels regarding the alleged barriers on Defendant's website to allow for Lead Class Counsel and Class Counsel to bring its respective actions. *Id*. Thereafter, Named Plaintiffs expended considerable energy and time to provide their respective counsels with the pertinent information required for the Parties to reach an understanding of the state of the website, the risks inherent with further litigation, and the eventual agreement as to the Settlement Agreement. Alcazar Decl., ¶¶ 3-7. The Named Plaintiffs also continue to remain active in this litigation, including the provision of

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd. 12th Floor
Los Angeles, CA 90010-1137

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

63276515;1

declarations supporting their eligibility for enhancement awards, and by making themselves available for responding to discovery, as needed. Coelho Decl., ¶ 14. Further, their request for an enhancement award is well-documented and filed concurrently herewith. Accordingly, Named Plaintiffs' service award requests are reasonable, and Named Plaintiffs respectfully request that the Court grant their requests.

### c. Plaintiff's Request for Attorneys' Fees and Costs is Reasonable and Should be Granted

Pursuant to Fed. R. Civ. P. 23(h), the Court may award reasonable attorney's fees and nontaxable costs "authorized by law and by agreement of the parties." Courts are empowered to award reasonable attorney's fees and costs when a litigant proceeding in a representative capacity has achieved a "substantial benefit" for a class of persons. *Alyeska Pipeline Serv. Co. v. Wilderness Soc.,* 421 U.S. 240, 275 (1975). If a negotiated class action settlement includes an award for attorney's fees, that fee award must be evaluated in the overall context of the settlement. *Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002).

Here, Wilshire Law Firm and Stein Saks negotiated a Settlement which provides Class Members with substantial injunctive relief, and their requests for $39,000 and $14,000 in attorneys' fees and costs, respectively, are well-documented — warranting that the Court grant them under the lodestar method. Named Plaintiffs' submitted their Motion for Approval of Attorneys' Fees and supporting declarations in conjunction herewith.

### d. Final Certification of the Class Is Appropriate

Courts have broad discretion to certify a class for purposes of a class action settlement. *Zinser v. Accuflix Research Inst., Inc.,* 253 F.3d 1180, 1186 (9th Cir. 2001); *Dunk v. Ford Motor Co.*, 48 Cal. App. 4th 1794, 1807 (1996) n. 19 (holding certification in settlement cases is subject to a "lesser standard of scrutiny")**;** *see also Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001). Plaintiff proceeds under Rule 23(a) and Rule 23(b)(2). Under Rule 23(a), Plaintiff must demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

Under Rule 23(b)(2), which is applicable to cases in which the main relief is an injunctive remedy, Plaintiff must also show that "the party opposing the class has acted or refused to act on grounds that apply generally to the class[.]" For the purposes of the Settlement, the Parties agree that all of these criteria are satisfied under the lesser standard of scrutiny applicable here.

### i.    The Individuals in the Settlement Class Are So Numerous that Joinder Would be Impractical.

Under Rule 23(a), a proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  There is no exact threshold number that must be met to meet this requirement; rather the rule "requires examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. of the Nw. Inc. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 330 (1980).  A class with more than 40 members "raises a presumption of impracticability [of joinder] based on numbers alone."  *Hernandez v. Cnty. of Monterey*, 305 F.R.D. 132, 152–53 (N.D. Cal. 2015).  In fact, courts in this Circuit have found that "as few as 25 class members" is enough to "render joinder impracticable[.] *See Valenzuela v. Best-Line Shades, Inc.*, 2021 WL 3514101, at *3 (N.D. Cal. Aug. 10, 2021) (citing *Davy v. Paragon Coin, Inc.*, 2020 WL 4460446, at *5 (N.D. Cal. June 24, 2020) (citation omitted).  In analyzing numerosity "a court may make common-sense assumptions and reasonable inferences." *The Civil Rights Educ. & Enforcement Ctr. v. RLJ Lodging Trust*, 2016 WL 314400, at *6 (N.D. Cal. 2016).

While Plaintiffs have not specifically identified the Class Members, available data suggests that they are in fact numerous, and Defendant does not dispute that contention for the purposes of this motion.  Lead Class Counsel, consulting www.similarweb.com, determined that 374,900 persons may have visited Defendant's Website in April, March, and February of 2022. *See* Exhibit 1, attached to Coelho Decl. It is represented that 93.64% of those persons were Americans; accordingly, 351,056 Americans visited Defendant's Website during those months. *Id*.  By dividing that 351,056 by three, it can be estimated that approximately 117,018 Americans visit Defendant's Website during a single month of the Class Period.  To determine, from that figure, the number of blind persons who use screen-reading software to visit the Website or

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

Mobile Applications, Plaintiff first noted that as of 2016, the Pew Research survey estimated that 77% of Americans with a disability go online. Given that the percentage of Americans who go online, via desktop, laptop, or phone, is increasing over time, and the likelihood that a blind person would use screen-reading software given its general availability, Plaintiff conservatively estimates that 70% of blind and visually impaired Americans use screen-reading software to experience the internet. It was estimated in 2015 that there are approximately 1 million Americans who are legally blind. *See National Institute of Health*, "Visual Impairment, Blindness Cases in U.S. Expected to Double by 2050," https://www.nih.gov/news-events/news-releases/visual-impairment-blindness-cases-us-expected-double-2050 (last visited June 15, 2022). By dividing this figure by the total U.S. population, which is 331,893,745 as of the date of this filing, according to U.S. Census data, it can be properly determined that approximately 0.3% of Americans are legally blind. As 70% of legally blind Americans use screen-reading software to experience the internet, it can thus be estimated that approximately 0.21% of Americans use screen-reading software to experience the internet. Accordingly, 0.21%, or 245 of the visitors of Defendant's Website on a given month during the Class Period were Class Members. As the Class Period extends from September 30, 2018 through September 30, 2021 (a total of three months), the total Class can be properly estimated to consist of 8,820 members. This more than satisfies numerosity.

### ii.    The Commonality Requirement Is Satisfied.

To demonstrate commonality, Plaintiff must show that there are common questions of law or fact at stake whose answers are apt to drive the resolution of the case but does not necessarily require a showing of a substantial number of those common questions. *See Wal-Mart Stores, Inc.* 564 U.S. at 350; *Hanlon*, 150 F.3d at 1019 ("All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient[.]"). In fact, the Ninth Circuit has held that "[s]o long as there is 'even a single common question,' a would-be class can satisfy the commonality requirement of Rule 23(a)(2)." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013) (citation omitted). Here, common questions arise from the fact that each Class Member went to the same web address and

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1  encountered closely similar if not completely identical websites, the only differences resulting

2  from any updates which may have occurred during the class period. Thus, the primary question

3  at stake, which is common to the class and apt to produce common answers which drive the case's

4  resolution, is, "Is the website compatible with screen-reading software?"

### iii.    The Typicality Requirement Is Satisfied.

6       Rule 23's permissive standard for typicality is satisfied so long as the class representative

7  has injuries similar to those of the unnamed Class Members that result from the same course of

8  conduct. There is no requirement that Named Plaintiff's claims be identical to that of the unnamed

9  Class Members. *See Hanlon*, 150 F.3d at 1020 ("Under the rule's permissive standards,

10  representative claims are 'typical' if they are reasonably co-extensive with those of absent Class

11  Members; the need not be substantially identical."). With respect to the Nationwide Class,

12  Named Plaintiffs allege difficulties common to any individual with visual impairments as defined

13  under the ADA, and neither his/her claims nor the relief provided in the Settlement is tailored to

14  a particular level or kind of disability. Indeed, the Settlement provides injunctive relief following

15  the WCAG 2.0 Level AA standards as a guideline in making such improvements. Plaintiffs

16  allegedly suffered the same injury as the class members because they were all denied access to

17  the same website for the same reasons. Thus, Plaintiffs contend, and Defendant does not dispute

18  for the Settlement only, that their claims are typical of the claims of the classes, because they

19  arise from the same factual basis and are based upon the same legal theories as those applicable

20  to the class.

### iv.    The Adequacy Requirement Is Satisfied.

22       The adequacy requirement is met if Named Plaintiffs and their counsel: (1) do not have

23  any conflicts of interest with other Class Members; and (2) will vigorously prosecute the case on

24  behalf of the class. *Hanlon*, 150 F.3d at 1020 (*citing Lerwill v. Inflight Motion Pictures, Inc*., 582

25  F.2d 507, 512 (9th Cir. 1978)). Here, Named Plaintiffs' interests in prosecuting their Class Action

26  and obtaining the most beneficial recovery possible is fully compatible with the Nationwide Class

27  Members' interests. Any Class Member who determines that he or she wishes to be excluded

28  from the Settlement has had full opportunity to do so. Lead Class counsel is highly experienced

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

63276515;1

in class action litigation and in ADA class actions involving websites.  Coelho Decl., ¶¶ 2-7. Thiago M. Coelho has prosecuted over a hundred such cases, many of which led to positive settlements and improved website access to disabled individuals.  Coelho Decl., ¶ 5.  Named Plaintiff has chosen her counsel while being well-informed of their skills.

### v.    Rule 23(b)(2) Requirements.

Class certification under Rule 23(b)(2) is appropriate where "the party opposing the class has acted or refused to act on grounds that apply generally to the class as a whole."  Fed. R. Civ. P. 23(b)(2).  The requirements of Rule 23(b)(2) are unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole."  *Parsons v. Ryan*, 754 F.3d 657, 688 (9th Cir. 2014) (citing *Rodrigues v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2011)).

Here, the relief provided by the Settlement Agreement is exactly that type of uniform relief.  *See* Dkt. 50 at 3:25-27 - 4:1-28.  Per the terms of the Settlement Agreement negotiated by Named Plaintiffs, Defendant will modify their Website and Mobile Applications to improve their readability using screen reading software, such that they will be better viewable by the Class Members.  *Id*.  The settlement provides uniform injunctive relief to the Class, and thus, the requirements of Rule 23(b)(2) have been unquestionably met.

## V.    CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court grant final certification of the Class and final approval of the Settlement reached in this matter and enter the proposed order and judgment accordingly.

Dated: June 16, 2022                                **WILSHIRE LAW FIRM**


                                                    By: */s/ Thiago Coelho*_____
                                                    Thiago M. Coelho
                                                    Attorneys for Plaintiff Juan Alcazar and
                                                    Proposed Class

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

19

Dated:  June 16, 2022                              **STEIN SAKS, PLLC**

                                                    By: /s/ *Yaakov Saks*_____
                                                         Yaakov Saks (*Admitted Pro Hac Vice*)
                                                         Attorneys for Plaintiff Pamela Williams

Dated:  June 16, 2022                              **THE HANOVER LAW OFFICE**

                                                    By:  /s/  *Jim Newman*_____
                                                         Jim D. Newman
                                                         Attorney for Defendant
                                                         MIELE, INCORPORATED

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

63276515;1

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137